# Exhibit D

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department P

| | |
|---|---|
| **19SMCV00935** | May 14, 2021 |
| **DR. STEWART LUCAS MURREY vs CHEATERREPORT.COM, et al.** | 8:30 AM |

Judge: Honorable Elaine W. Mandel          CSR: None
Judicial Assistant: P. Anyankor               ERM: None
Courtroom Assistant: R. Juarez               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Dr. Stewart Lucas Murrey (Telephonic) (Self-Represented)

For Defendant(s): Jamie O. Kendall is appearing telephonically for Gregory Lawrence Doll;

James E. Gibbons is appearing telephonically for Jeffery M Lenkov; Melinda Morton (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike (Cloudfare); Hearing on Demurrer - without Motion to Strike (Automattic); Hearing on Demurrer - without Motion to Strike (Amazon); Case Management Conference

Counsel/parties are provided with the Court's tentative ruling, that is available on the Court's website for review.

The matters are called for hearing.

The above-captioned motions are held and argued. Parties rest.

The Court having fully considered the arguments of all parties, both written and oral, now rules as follows:

The Court adopts its tentative ruling as the final order of the Court.

The final order is written as follows:

Plaintiff alleges defamatory statements about him were published on defendant's website. Plaintiff alleges defendant Automattic built and designed Wordpress, the platform where the statements were published, defendant Amazon Web Services hosted the cheaterreport.com site, and the website was "enhanced" by online services offered by defendant Cloudflare. Defendants Amazon Web Services (AWS), Cloudfare, and Automattic dba Wordpress demur on the grounds they are immune.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department P

| | |
|---|---|
| **19SMCV00935** | May 14, 2021 |
| **DR. STEWART LUCAS MURREY vs CHEATERREPORT.COM, et al.** | 8:30 AM |

Judge: Honorable Elaine W. Mandel   CSR: None
Judicial Assistant: P. Anyankor   ERM: None
Courtroom Assistant: R. Juarez   Deputy Sheriff: None

---

Section 230 of the Communications Decency Act states "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. §230. Under §230, claims that seek "to hold a service provider liable for its exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content" are barred. Zeran v. America Online, Inc. (4th Cir. 1997) 129 F.3d 327, 330. Federal circuit courts and the California State Supreme Court have held that Congress intended §230 to be a grant of "broad immunity" for "all claims stemming from their publication of information created by third parties. Google, Inc. v. Hood (5th Cir. 2016) 822 F.3d 212, 220, Barret v. Rosenthal (2006) 40 Cal.4th 33, 39. No liability may be imposed under state law inconsistent with the CDA. 47 U.S.C. §230(e)(3).

Plaintiff alleges AWS, Cloudfare, and Automattic are internet service providers who provided services to cheaterreport.com. FAC at ¶15. Plaintiff alleges these defendants hosted or assisted in the defamatory information posted online by cheaterreport.com. FAC at pgs. 8-15. The "broad immunity" provided by section 230 would bar these claims.

Plaintiff argues section 230 is "being re-considered in congress" and "big tech" companies have excessive power in politics and society. This is a political argument, not a legal one. The court has no authority to resolve the broad policy issues plaintiff raises; the court is bound by the CDA. Plaintiff offers no authority reversing the precedents granting online providers "broad immunity" under the CDA. Plaintiff's citation to an Australian ruling is without weight, as the decisions of foreign jurisdictions are not binding. Under the text of the CDA and binding precedent interpreting that text, §230 preempts state claim inconsistent with its provisions. See Barret v. Rosenthal (2006) 40 Cal.4th 33, 63. Plaintiff's claims against the service provider defendants are barred. SUSTAINED without leave to amend.

DUE TO THE ONGOING COVID-19 PANDEMIC PARTIES AND COUNSEL ARE ENCOURAGED TO APPEAR BY LA COURT CONNECT.

******************END OF RULING

Court and parties confer.

Plaintiff may proceed by way of application and order for publication.

Case Management Conference is continued to 07/13/2021 at 08:30 AM in Department P at Santa Monica Courthouse.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Santa Monica Courthouse, Department P

**19SMCV00935**  May 14, 2021
**DR. STEWART LUCAS MURREY vs**  8:30 AM
**CHEATERREPORT.COM, et al.**

Judge: Honorable Elaine W. Mandel   CSR: None
Judicial Assistant: P. Anyankor       ERM: None
Courtroom Assistant: R. Juarez        Deputy Sheriff: None

---

Counsel for Defendant Automatic, is to give notice.