# Exhibit H

Electronically FILED by Superior Court of California, County of Los Angeles on 10/06/2021 08:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mohammadi,Deputy Clerk

Melinda M. Morton (Bar No. 209373)
E-mail: mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
1117 S California Ave, Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9000
Facsimile: 619.235.0398

Attorney for Automattic Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual<br><br>Plaintiff,<br><br>v.<br><br>CHEATERREPORT.COM, et al.<br><br>Defendant. | Case No. 19SMCV00935<br><br>**AUTOMATTIC, INC.'S OPPOSITION TO PLAINTIFF DR. MURREY'S NOTICE OF MOTION AND MOTION TO COMPEL AUTOMATTIC'S COMPLIANCE WITH SUBPOENA AND MOTION FOR AN INJUNCTION**<br><br>"TELEPHONE APPEARANCE"<br><br>Date:   October 20, 2021<br>Time:  8:30<br>Dept.   P<br>Judge:  Elaine W. Mandel |

Third-party Automatic, Inc. respectfully submits the following Opposition to Plaintiff Dr. Murrey's ("Murrey") Notice of Motion and Motion to Compel Automatic, Inc.'s compliance with a subpoena for business records (the "Subpoena").

**I.**

**INTRODUCTION**

Murrey again seeks to involve Automattic in his dispute regarding statements made by an unknown third party. This case is about content that an unknown third-party posted on a website about the Plaintiff. This website, www.cheaterreport.com (the "Website"), published allegedly defamatory remarks about Plaintiff, including statements that Plaintiff was a "con artist," a

"pathological liar," and a "serial cheater." (First Amended Complaint ["FAC"], ¶ 10.) The remarks, as alleged in the FAC, began in December 2016 and continued until October 19, 2017. (Id. at ¶ 10, Ex. A.) Automattic operates WordPress, the web's most popular content management system that proudly powers millions of websites.  The statements are certainly troubling, and Plaintiff may have legitimate claims against this unknown third-party who posted the allegedly defamatory statements.  This Court, however, has already dismissed Automattic, with prejudice, as a defendant, despite Murrey's claims that Automattic somehow aided and abetted the unknown third-party.

Now, Murrey seeks to compel additional responses to his subpoena to Automattic, and again accuses Automattic of being "complicit in the criminal actions of aiding and abetting the anonymity of said online billion dollar revenge-porn/shaming website/'removal service' scam that harmed plaintiff and countless others." (Meet and Confer letter to Ms. Morton, Ex. C to Murrey Declaration.)

Murrey seeks to compel further responses without ever telling Automattic or this Court what is missing from Automattic's responses.  Instead, Murrey accuses Automattic of "intentionally holding up litigation of this case, quite possibly because [Automattic] not only has aided and abetting (*sic*) the criminals responsible for this online RICO, but that they are themselves directly involved." (Mot. At 3.)

Automattic responded to Murrey's subpoena and provided the contact information and IP addresses it has for the sites with which it is involved.  Murrey failed to meet and confer in good faith, failed to provide the required separate statement, and failed to show good cause for the requests to which Automattic objected.  For these reasons, the motion to compel should be denied.

In addition, Murrey requests a court order requiring "removal and deletion of www.lucasmurrey.wordpress.com." Murrey does not explain how this is connected to the subpoena, nor does he meet the legal standard for an injunction.  Indeed, this website is not alleged to be part of this action and is not referenced anywhere in the FAC.  Therefore, Murrey's request should be denied.

Finally, Murrey's request for costs should be denied, as this motion to compel lacks merit

1 and is not in compliance with California law.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Murrey named Automattic as a Defendant in his First Amended Complaint, filed January 28. 2021. Automattic demurred to the FAC on April 1, 2021, and the Court sustained Automattic's demurrer without leave to amend on May 14, 2021. On March 7, 2021, while Automattic's demurrer was pending, Murrey served Automattic with a request for documents, and Automattic filed a motion for protective order together with co-defendants Amazon Web Services and Cloudflare . (*See* Motion for Protective Order, filed April 8, 2021).

The Subpoena served on Automattic in June 2021, after Automattic was dismissed from this action, is almost identical to the request for production of documents served in March 2021, and contains numerous irrelevant and overly broad requests, including the following requests that are unlimited as to time and scope:

>**Request No. 7**: A true and correct and complete copy of any and all United States government intelligence agencies with whom you work, including but not limited to the seventeen (17) secret governmental intelligence agencies such as the national surveillance agency (NSA), CIA, FBI, Pentagon, etc.
>
>**Request No. 8**: A true and correct and complete copy of any and all military institutions – governmental or private – with whom you work.

The Subpoena also seeks information regarding a number of law firms, individuals and companies, including former co-defendants CloudFlare and Amazon Web Services. The Subpoena includes 36 requests. Automattic provided responsive information in response to requests 16, 30, 31 and 32. (*See* Ex. B to Murrey Declaration, pages numbered 1-6 at end of exhibit, providing email addresses, UserIDs, and IP addresses.) Automattic stated that it had no responsive documents in response to requests 1, 2, 4, 5, 12, 13, 14, 15, 17, 18, 22, 23, 34, and 35. For requests 19, 20, 21, 24, 25, 26, 27, and 28, Murrey requested information about a person or company (such as CloudFlare or Anthony Will) with no additional information. Automattic objected to these requests as not reasonably particularized, vague and ambiguous, and not reasonably calculated to

lead to the discovery of admissible evidence. (*See, id.*) Neither Murrey's meet and confer letters nor his motion offer any explanation as to the relevance of these people and entities, and Murrey has not offered any information that would narrow the scope. Finally, requests 3, 6, 9, 10, 11, 33, 36 seek content information, which Automattic is prohibited from providing in civil litigation pursuant to the Electronic Communications Privacy Act, 18 U.S.C. § 2701, *et seq*. In addition, a number of the requests seek "all documents created on or about the time that you entered into business with the individual(s) and entity(ies) responsible for" certain sites, and the requests are not limited to documents relating to the sites. As written, these requests would involve hundreds of thousands of documents, given the millions of new posts and new comments produced each month on WordPress.

Murrey was required to meet and confer in good faith prior to moving to compel. Instead, Murrey addresses all 36 requests in a single paragraph, claiming that the documents must be produced because "Wordpress/Automatic not only aided and abetted, but also profited from this unusually heinous online RICO." (*See* Ex. C to Murrey Declaration.) Murrey did not attempt to narrow any requests, nor did he explain why or how the requests would lead to discovery of admissible evidence. Pursuant to Murrey's logic, Automatic should provide all documents requested because of his claims, dismissed by this Court, that Automatic aided and abetted the "online RICO." These unsubstantiated claims are simply insufficient to support a motion to compel.

With respect to the request for an injunction, Murrey asks that the Court issue an order removing and deleting www.lucasmurrey.wordpress.com because he does not like using the online live "chat" function because they "intentionally waste the peoples' time, energy and money." (Mot. at 5.) Murrey also claims that Automatic's failure to remove www.lucasmurrey.wordpress.com is "an egregious unconstitutional seizure of plaintiff's online identity."

4

AUTOMATTIC, INC. OPP. TO PLTF'S DR. MURREY'S NOTICE OF MOTION AND MOTION
120783-00000004/5377725.3                                                    CASE NO. 19SMCV00935

# III.

# LEGAL ARGUMENT

### A.     Murrey Failed to Meet and Confer in Good Faith.

Prior to bringing a motion to compel further responses, parties and attorneys are required to meet and confer in good faith. *See* Cal. Code. Civ. Proc.§ 2025.450. Plaintiff's two short letters fail to explain why the requests are proper and fail to address the objections raised in Automattic's response. Indeed, the letters merely state that Automattic's objections are "absurd," and that due to the "online RICO," the cases cited in Automattic's responses are "clearly not construed properly." (Ex. D. to Murrey Declaration.) Despite Murrey's refusal to address Automattic's objections, Automattic's counsel attempted to focus Murrey on the legal issues involved, but Murrey's response ignored the requirements and instead focused on a website that is not part of this Action. (*See,* Exs. E, F. to Murrey Declaration.) Although Murrey is a *pro se* litigant, compliance with the meet and confer requirement is an important part of the discovery process, and Murrey's complete refusal to justify *any* of the requests is sufficient grounds to deny the motion. *See Townsend v. Superior Court,* 61 Cal. App. 4th 1431, 1433-1439 (1998); *Obregon v. Superior Court,* 67 Cal.App.4th 424, 431 (1998).

### B.     Murrey Failed to Show Good Cause for the Requests.

Murrey's motion should be denied because Murrey did not satisfy his burden of demonstrating good cause to compel further responses. Motions for an order compelling further responses "shall set forth specific facts showing good cause justifying the production for inspection of any document, electronically stored information, or tangible thing described in the deposition notice." Cal. Code Civ. Proc. § 2025.450(b)(1); *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal. App. 4th 216, 223 (1997). The burden of establishing good cause rests with the moving party, who must show both: (1) how the information sought will tend to prove or disprove some issue in the matter (i.e., it must be relevant); and (2) specific facts justifying the discovery. *Glenfed Develop. Corp. v. Superior Court*, 53 Cal. App. 4th 1113, 1117 (1997).

Here, Murrey has failed to offer *any* facts that support good cause. Indeed, Murrey did not even include the required separate statement. *See* Cal. Rules of Court, Rule 3.1345. Instead,

AUTOMATTIC, INC. OPP. TO PLTF'S DR. MURREY'S NOTICE OF MOTION AND MOTION
120783-00000004/5377725.3                                                                                                    CASE NO. 19SMCV00935

Murrey asserts that there is good cause because Automattic is allegedly "aiding and abetting" the "online RICO." (Mot. at 5.) Murrey's allegation utterly fails to meet the good cause standard.[1] Indeed, it would be difficult to imagine how Murray could justify requests 7 and 8:

> **Request No. 7**: A true and correct and complete copy of any and all United States government intelligence agencies with whom you work, including but not limited to the seventeen (17) secret governmental intelligence agencies such as the national surveillance agency (NSA), CIA, FBI, Pentagon, etc.
>
> **Request No. 8**: A true and correct and complete copy of any and all military institutions – governmental or private – with whom you work.

(Ex. A, Murrey Declaration.) Despite the inclusion of many overly broad and irrelevant requests, Automattic undertook a diligent search for documents, produced responsive information for four requests, and was unable to locate responsive documents for fourteen additional documents. The remaining requests either seek content information, which Automattic is prohibited from providing, or are not reasonably particular, so that Automattic could not locate relevant and responsive documents. Murrey has not addressed these objections or attempted to provide additional information so that Automattic could search further.

Murrey also alleges that Automattic's failure to remove a website that is not alleged in the FAC is somehow "an egregious unconstitutional seizure of plaintif''s online identity." (*Id.*) First, Automattic is not a governmental entity, so it cannot violate the Fourth Amendment. Moreover, Automatic provided the user information for www.lucasmurrey.wordpress.com in response to request 30. (*See* Ex. B to Murrey Declaration, page numbered 6 at end of exhibit, providing email addresses, UserIDs, and IP addresses for www.lucasmurrey.wordpress.com .)

Given Murrey's failure to allege any specific facts justifying the discovery or any showing of how the requests are relevant, Murrey's motion should be denied for failure to show good

---

[1] Although not stated in Murrey's motion, he does allege that Automattic can produce content information due to its participation in the "online RICO." (Ex. C, Murrey Declaration.) However, as an online service provider, Automatic cannot produce stored content information in civil litigation. *See* 18 U.S.C. § § 2702, 2703; *O'Grady v. Superior Court,* 139 Cal.App. 4th 1423 (2006); *Krinsky v. Doe 6,* 159 Cal.App. 4th 1154, 1166 (2008).

cause.[2]

### C. Murrey Failed to File a Separate Statement.

Any motion to compel compliance must be accompanied by a separate statement, that "provides all the information necessary to understand each discovery request and all the responses to it that are at issue. The separate statement must be full and complete so that no person is required to review any other document in order to determine the full request and the full response." Cal. Rules of Court, Rule 3.1345. The statement must include the request, response, and the factual and legal reasons for compelling further responses. *Id.* Here, Murrey failed to file a separate statement, and further failed to provide any legal or factual justification for compelling further responses, and therefore, the motion to compel should be denied.

### D. Murrey Has Not Met His Burden to Obtain a Preliminary Injunction

Murrey asks this Court to order Automatic to delete and remove www.lucasmurrey.wordpress.com . (Mot at 4-5.) As an initial matter, a motion to compel is not a proper vehicle through which to seek a preliminary injunction. In addition, Murrey's request fails on the merits.

The burden is on Murrey to show the necessary elements to obtain a preliminary injunction. *O'Connell v. Sup.Ct.*, 141 Cal.App. 4th 1452, 1481 (2006). Murrey's request has no relationship to this action, any allegations in the Complaint, or to this Motion to Compel. To obtain a preliminary injunction, Murrey must show that he is likely to ultimately prevail on the merits, and he cannot do this, as there are no allegations or causes of action relating to www.lucasmurrey.wordpress.com to prevail upon. *Butt v. State of California*, 4 Cal. 4th 668, 677-78 (1992); *see also* FAC.

Even if Murrey could show that he would prevail on a currently nonexistent claim, he cannot, and has not demonstrated irreparable harm. *Butt v. State of California*, 4 Cal. 4th 668, 677-78 (1992). His main complaint appears to relate to the difficulty of accessing the live chat features on www.WordPress.com because Automatic "intentionally waste the peoples' time, energy and

---

[2] Because Murrey failed to comply with the meet and confer standard and failed to show good cause for his requests, he should not have the $250 in costs awarded. In recognition of the fact that Mr. Murrey is a *pro se* litigant, Automatic does not seek sanctions for Murrey's failure to comply with the California Discovery Act.

money." (Mot. at 5.) This allegation does not constitute irreparable harm.

Assuming, *arguendo,* that Murrey is claiming that www.lucasmurrey.wordpress.com is defamatory, such a claim does not save his request. California law does not permit injunctions of allegedly defamatory publications until after trial. *See Balboa Island Village Inn, Inc. v. Lemen,* 40 Cal. 4th 1141 (2007). Here, Murrey has not alleged any of the elements of a defamation claim with respect to www.lucasmurrey.wordpress.com, and no judicial determination has been made that it is defamatory.

For all of these reasons, Murrey's request for a preliminary injunction to remove www.lucasmurrey.wordpress.com should be denied.

## IV.

## **CONCLUSION**

For the foregoing reasons, Automattic respectfully request that this Court deny Murrey's motion to compel, motion for costs, and motion for a preliminary injunction.

DATED: October 6, 2021

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *[signature]*
Melinda M. Morton
Attorney for Automattic Inc.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 1117 S California Ave, Suite 200, Palo Alto, CA 94304. On October 6, 2021, I served the within documents:

1. **AUTOMATTIC, INC.'S OPPOSITION TO PLAINTIFF DR. MURREY'S NOTICE OF MOTION AND MOTION TO COMPEL AUTOMATIC'S COMPLIANCE WITH SUBPOENA AND MOTION FOR AN INJUNCTION**

☐ **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at 525 B Street, Suite 2200, San Diego, CA. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒ **BY E-FILE SERVICE** I caused the document(s) to be served on the person list below by requesting that One Legal Online Court Services, the Court's e-file vendor electronically serve them.

> Dr. Stewart Lucas Murrey
> 1217 Wilshire Blvd., #3655
> Santa Monica, CA 90403
> 2@lucasmurrey.io

☒ I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 6, 2021, at Palo Alto, California.

*Gesel Guerrero*
Gesel Guerrero