JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 21-8140 PA (SKx) | Date | December 13, 2021 |
|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. Cheaterreport.com, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    The Court has reviewed the parties' Responses to the Court's December 2, 2021 Order to Show Cause. The Order to Show Cause asked the parties why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.

    Defendant Domingo Juan Rivera ("Rivera") filed a Notice of Removal on October 12, 2021. According to the Notice of Removal:

> Amazon, Wordpress, and Cloudflare each demurred to the Amended Complaint on various grounds. On May 14, 2021, the Superior Court issued an order . . . sustaining each defendant's demurrer without leave to amend. As a result of this order, as of mid-May 2021, there were no remaining active defendants in Murrey I.
>
> Despite this, on August 23, 2021, Dr. Murrey filed an "Amendment to Complaint" in Murrey I which purported to identify Domingo Juan Rivera as the unknown defendant previously identified only as "Doe   1". . . . Based on this amendment, Mr. Rivera is now the sole defendant in Murrey I; all other non-fictious [sic] parties have been dismissed.

(Notice of Removal 4:9-18.) The Notice of Removal alleges that the Court possesses subject matter jurisdiction pursuant to its diversity jurisdiction under 28 U.S.C. § 1332. (Id. 6:14-24.)

    This Court has a continuing obligation to assess its subject matter jurisdiction, and may consider the issue sua sponte at any stage of the proceedings. See, e.g., Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8140 PA (SKx) | Date | December 13, 2021 |
|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. Cheaterreport.com, et al. | | |

Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  See 28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

In attempting to invoke this Court's diversity jurisdiction, the removing defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Contrary to the Notice of Removal's allegation that "Mr. Rivera is now the sole defendant," the First Amended Complaint in the removed action names as defendants Cheaterreport.com and two defendants identified solely by internet protocol addresses.  Based on a review of the Los Angeles Superior Court's docket, however, it does not appear that defendants Cheaterreport.com and the entities or individuals named as defendants based on their internet protocol addresses, were ever served with the Summons and operative Complaint, ever appeared in the action, or were ever dismissed while the action was pending in state court, despite the action having been pending for more than two years prior to its removal.  Neither the Complaint nor the Notice of Removal alleges information concerning the citizenship of Cheaterreport.com or the parties identified by the internet protocol addresses.

In his Response to the Court's Order to Show Cause, Rivera relies on 28 U.S.C. § 1441(b) to contend that the Court should disregard the citizenship of Cheaterreport.com and the two defendants identified by internet protocol addresses.  Section 1441(b)(1) provides: "In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8140 PA (SKx) | Date | December 13, 2021 |
|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. Cheaterreport.com, et al. | | |

determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." As explained by the Ninth Circuit, that provision of § 1441 "provides that doe defendants 'shall be disregarded." Bryant v. Ford Motor Co., 886 F.2d 1526, 1533 (9th Cir. 1989); see also Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

"Despite the seemingly clear language of Sectin 1441(b) as well as the Ninth Circuit's direction in Soliman, the four [California] districts throughout the Ninth Circuit have applied it in an inconsistent nature." Rojas v. Sea World Parks & Entm't, Inc., Case No. CV 3:21-145 BEN (MSB), 2021 WL 1853605, at *7 (S.D. Cal. May 10, 2021). Some district courts within the Ninth Circuit have concluded that the inclusion of doe defendants should be disregarded only if the plaintiff's allegations concerning the fictitiously-named defendants do not "provide a reasonable indication of their identity, relationship to the action, and their diversity-destroying citizenship," while other courts apply a bright-line rule that disregards doe defendants until they are named. Id. at *8-*9 (collecting cases); see also Goldsmith v. CVS Pharmacy, Inc., Case No. CV 20-750 AB (JCx), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) ("[T]he Court finds that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage.").

Here, even if the Court agrees with Rivera that it should disregard the citizenship of the parties identified only by internet protocol addresses because those are "fictitious names," the Court cannot, as Rivera urges, assume that Cheaterreport.com is also a fictitious name. As the removing defendant, it is Rivera's burden to establish the existence of the facts necessary to support the Court's exercise of its diversity jurisdiction. Rivera's Notice of Removal does not allege the citizenship of Cheaterreport.com or any facts suggesting that Cheaterreport.com is not the name of an entity. Rather than curing those problems, Rivera's Response to the Court's Order to Show Cause instead asserts that "because the Complaint does not allege CheaterReport.com is the true, legal name of any person or entity; the name is simply the address of a website located on the Internet which is (or was) owned by a real person or legal entity." (Rivera's Response to OSC 6:18-21.) This argument impermissibly attempts to shift the burden to plaintiff to allege the facts to support diversity jurisdiction from Rivera who, as the removing party, bears that responsibility.

Indeed, contrary to Rivera's argument that a domain name must be a fictitious name, and therefore disregarded, many entities use, or at least incorporate, a domain name as part of their true name. See, e.g., HonoluluTraffic.com v. Fed. Transit Admin., 742 F.3d 1222 (9th Cir.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8140 PA (SKx) | Date | December 13, 2021 |
|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. Cheaterreport.com, et al. | | |

2014) (involving a party named HonoluluTraffic.com); Gerlinger v. Amazon.com Inc., 526 F.3d 1253 (9th Cir. 2008). In response to the Court's Order to Show Cause, Rivera could have provided evidence concerning the citizenship of Cheaterreport.com, and that it is diverse from plaintiff, or facts showing that it is a fictitious name. Rivera did not do so. As a result, despite the Court's issuance of an Order to Show Cause that provided the parties with an opportunity to establish that the Court possesses subject matter jurisdiction over this action, Rivera has not satisfied his burden to establish that all defendants are diverse from plaintiff and that the Court may therefore exercise diversity jurisdiction over this action. That is, based on both the allegations contained in the Notice of Removal and the parties' Responses to the Order to Show Cause, the Court is unable to conclude that it possesses subject matter jurisdiction.

For all of the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action. This action is hereby remanded to Los Angeles Superior Court, Case Number 19SMCV00935, as a result of the lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). The Court denies Rivera's Motion to Dismiss (Docket No. 14) and plaintiff's Motions for Leave to File Second Amended Complaint (Docket No. 17) and Motion for Expedited Discovery (Docket No. 21) without prejudice to those motions being re-filed and re-noticed in Los Angeles Superior Court. The Court notes that should plaintiff amend his operative Complaint to include a federal claim, or name additional parties, that could provide Rivera or those parties with an additional opportunity to once again remove the action to this Court. The Court expresses no opinion on the potential propriety of any such future Notice of Removal.

IT IS SO ORDERED.